## Girard Avenue Title and Trust Company Case.

Argued December 7, 1934.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

314

*Daniel C. Donoghue,* for appellant (No. 390) and appellee (No. 413).

*Sylvan H. Hirsch,* with him *Stanley Folz, of Sundheim, Folz & Sundheim,* and *Michael A. Spatola,* for appellee (No. 413) and appellant (Nos. 164-6).

*Reynolds D. Brown,* with him *William A. Schnader,* Attorney General, *Shippen Lewis,* Special Deputy Attorney General, and *J. Willison Smith, Jr.,* for appellant (No. 413) and appellee (Nos. 164-6 and 390).

*John A. Becker,* with him *Cornelius Haggarty,* for appellees (No. 413).

*A. Bernard Hirsch* and *Eugene D. Salus,* for appellee (No. 413).

PER CURIAM, January 14, 1935:

These respective appeals relate to separate exceptions filed to the first and partial account of the secretary of banking in the matter of the closed Girard Avenue Title and Trust Company of Philadelphia. The several claimants were heard together in the lower court by the hearing judge, and the exceptions by the court in banc, and the appeals were argued together in this court. The lower court dismissed the exceptions, from which action the present appeals were taken.

In the opinion dismissing the exceptions the court in banc stated as follows:

"Exceptions were filed to the adjudication of the auditing judge sur the first and partial account and the supplement thereto, of the secretary of banking in possession of the Girard Avenue Title and Trust Company, by the following claimants: Cardinal Dougherty (Claim No. 13) ; Richard Kaelker, Charles Kaelker and Marie Kael-

ker (Claims Nos. 11 and 12) and Catherine Maguire (Claim No. 40).

"Exceptions were also filed by the accountants, and similar exceptions by the accountants' counsel on behalf of John Denning, one of the depositors in the Girard Avenue Title and Trust Company, to portions of the adjudication having to do with the claims of the Real Estate-Land Title and Trust Company, guardian of the Estate of Sarah O'Kane, a minor (Claim No. 4); Columbian Mutual Building Association (Claim No. 6); Elizabeth Galinousky, also known as Elizabeth Smith (Claim No. 7); William A. Dunlap (Claim No. 8); Joseph A. Harron (Claim No. 9); Richard Kaelker (Claim No. 11); Cardinal Dougherty (Claim No. 13); Mattie McKeown and Seventh Franklin Building Association (Claims Nos. 14 and 15); E. Ray R. Walsh (Claim No. 17), and Real Estate Settlements (Claim No. 36).

"After argument before the court in banc, we considered and dismissed all of the exceptions, being of the opinion that the auditing judge had properly disposed of the various claims.

"The findings of fact and conclusions of law of the auditing judge were adopted by us as the findings and conclusions of the court.

"We approved and adopted the reasons stated by the auditing judge in determining the various claims, which we deem unnecessary to repeat here as they are set forth in the adjudication.

"In addition to the reasons given by the auditing judge, it seemed to us that, with respect to the claim of Richard Kaelker, the equities disclosed by the facts were with him. The trust company accepted his note for $25,000 with the understanding that the proceeds should be credited to his deposit account. The effect of this credit would be to raise the deposit balance in favor of the depositor to $110,000. It appears, however, that the proceeds of the note were not credited to the claimant's account, although the note was delivered to the bank and

was found by the secretary of banking in its possession when the bank failed. In other words, the bank mingled the note with its general assets and gave no credit to the depositor for the proceeds. In our opinion this was a conversion by the bank of the proceeds of the note which gave rise to a trusteeship ex maleficio of the proceeds.

"It is true that this left the maker of the note liable in assumpsit upon the note and the claim upon the note by the bank must be set off against the claim of the depositor upon his account. It cannot, however, be set off against the fund held in trust for the depositor under the trusteeship ex maleficio which we have found to exist. The depositor is therefore entitled to a preference with regard to the proceeds of the note, that is, $25,000, if that amount can be traced to assets in possession of the bank and properly identified. The auditing judge found that $20,941.47 had been sufficiently identified and traced to the possession of the bank, and we were, therefore, of the opinion that the depositor, or his assignee, the payee of the check was entitled to a preference in that amount.

"As to the other claims, we came to the conclusion that nothing need be added to the reasons stated by the auditing judge. He was guided by and followed the rulings of the court in other cases having to do with similar claims and our prior decisions in which the applicable legal principles were involved. To cite and discuss these at length does not appear to be necessary."

We have fully and carefully examined the testimony, briefs and records in these several appeals and are of opinion each appeal should be affirmed. The auditing judge has so fully and correctly considered and determined all questions raised that we deem it unnecessary to add anything further to what is so well said in his adjudication and in the opinion of the court in banc.

The decree is affirmed at the costs of the respective appellants.