## In re Media-69th Street Trust Company

*Robert W. Beatty,* for exceptant.
*Frank A. Moorshead,* for Secretary of Banking.

MacDade, J., April 3, 1935.—On March 1, 1933, at 4:30 p.m., the Media-69th Street Trust Company was authorized by the Secretary of Banking of the Commonwealth of Pennsylvania, pursuant to the Act of March 8, 1933, P. L. 9, to postpone the payment of demand deposits for a period of 90 days.

On March 1, 1933, and for some months prior thereto, Marion E. Hallas had a checking account in said institution and Joseph Hallas, Jr., her husband, had a power of attorney to draw checks on said account in her behalf. It is also agreed that said money deposited in the name of Marion E. Hallas with power of attorney given to Joseph Hallas, Jr., was the property of Joseph Hallas, Jr.

On March 1, 1933, Joseph Hallas, Jr., as attorney for Marion E. Hallas, drew check no. 56 to the order of Joseph Hallas, Jr., in the sum of $1,507.32, and on that date, at or about 2 o'clock, deposited said check to his account. The check was not deducted from the account of Marion E. Hallas and the full amount of said check, $1,507.34, representing the balance in her checking account, is shown in the partial account of the receiver as the balance in her account. The account of Joseph Hallas, Jr., does not show a credit of $1,507.32, which is the amount in said account of Marion E. Hallas, less stamp tax of 2 cents.

Why, therefore, should not the said trust company

have completed the deposit thus made? It was legally bound to do so. When the bank was on a nonrestricted basis, all deposits made, as here, already in the bank should have been given proper recognition and credit in the usual routine of banking business, especially in view of the admitted fact that the bank was open for and transacting business and did not go on a restricted basis until an hour and a half after closing time. The check deposited by Joseph Hallas, Jr., to his account should have been honored and his account credited with the amount thereof, and that of Marion E. Hallas, his wife, debited with the same.

It would seem that the object of the exceptant is to have the account of Joseph Hallas, Jr., credited with the amount of said check so that it may be eventually used as a set-off against his present indebtedness to the bank. That is his legal right and bona fide.

It would seem to us that the facts of this case come within the recent ruling of our Supreme Court in the Girard Avenue Title & Trust Company Case, 317 Pa. 313.

By analogy at least it would seem that the principles of law therein enunciated would apply for it is therein said that when a banking institution refuses to honor, when presented, a check upon the account of a depositor wherein there were deposited funds sufficient to cover the check, and the check remains unpaid at the time of closing, the assets of the bank are impressed with a trust in favor of the owner of the check for the amount thereof and he is entitled to a prior claim upon its assets to the extent of the lowest balance in the account between the time of the presentation of the check and the time of closing, if that balance was at any such time less than the amount of the check, this being the maximum extent to which the proceeds of such wrongful act can be identified.

And it was there held also that where a depositor gave proper and timely notice to a banking institution of her desire to withdraw a saving fund account, and at the ex-

piration of the required notice period payment thereof was refused, although there were in the institution at the time funds more than sufficient to pay the amount of the deposit, the depositor was entitled to a preferred claim upon the assets of the institution in the possession of the Secretary of Banking to the extent of such account.

We deem the trust company to be a trustee ex maleficio.

See exceptions of Lillian M. Rosenberry, in In re Media-69th Street Trust Company, Receivership, no. 325, September term, 1933, and opinion therein filed February 7, 1935.

### Order

And now, April 3, 1935, the above matter of exceptions of Joseph Hallas, Jr., to the first and partial account of William D. Gordon (Luther A. Harr), Secretary of Banking, receiver of Media-69th Street Trust Company, in possession of the assets and property of the said trust company, coming on to be heard, after due consideration thereof, it is ordered, adjudged and decreed that:

1. The exception of Joseph Hallas, Jr., to the said account be and is hereby sustained.

2. Said Media-69th Street Trust Company be and is hereby declared a trustee ex maleficio with respect to the claim of the said Joseph Hallas, Jr., and a preference is given to said claim in the sum of $1,507.32, to be paid from the assets of said company.

3. Notice be given by the prothonotary to all parties in interest of the filing of this adjudication, with instructions to file exceptions thereto, if any, within 30 days from the filing of same; otherwise, this adjudication to be final. From William R. Toal, Media.